IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TONI D., | No. 6:24-cv-00867-AR |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**ARMISTEAD, United States Magistrate Judge**

In this judicial review of the Commissioner's final decision denying Social Security benefits, plaintiff Toni D. (her last name omitted for privacy) challenges the Administrative Law Judge's (ALJ) evaluation of her symptom allegations. As discussed below, the Commissioner's

1 – OPINION & ORDER

decision is reversed, and this case is remanded for further proceedings consistent with this opinion.[1]

## ALJ's DECISION

Plaintiff applied for Title XVI Supplemental Security Income (SSI) on February 23, 2021, alleging disability beginning on the application date. (Tr. 224.) Her claims were first denied on September 28, 2021, and again upon reconsideration on August 11, 2022. (Tr. 113, 128.) The ALJ held a hearing on June 20, 2023. (Tr. 32-58.)

In denying plaintiff's applications, the ALJ followed the five-step sequential evaluation process.[2] At step one, the ALJ determined plaintiff had not engaged in substantial gainful activity since February 23, 2021, her alleged onset date. (Tr. 20.) At step two, the ALJ determined that plaintiff had the severe impairments of schizoaffective disorder; PTSD; anxiety; chronic obstructive pulmonary disease; lumbar degenerative disc disease; obstructive sleep apnea; and obesity were severe impairments. (Tr. 20.) At step three, the ALJ determined that plaintiff's impairments singly or in combination did not meet or medically equal the severity of any listed impairment. (Tr. 20.)

The ALJ then determined that plaintiff had the residual functional capacity (RFC), 20 C.F.R. § 416.945, to perform a reduced range of light work with the following limitations:

> [S]he can occasionally climb ramps and stairs but can never climb ladders, ropes or scaffolds. She can frequently balance and occasionally stoop, kneel, crouch, and crawl. The claimant can tolerate no exposure to extreme cold or vibration.

---

[1]     This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

[2]     To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

> She can tolerate moderate exposure to pulmonary irritants. She is able to understand, remember, carryout and persist at simple, routine tasks. She is able to make simple, work-related decisions. The claimant is incapable of performing assembly line paced work. She is capable of occasional contact with the general public and occasional interaction with coworkers.

(Tr. 22.)

At step four, the ALJ determined that plaintiff has no past relevant work. (Tr. 25.) Given her age, education, work experience, and RFC, the ALJ found at step five that jobs exist in significant numbers in the national economy that plaintiff can perform, including such representative occupations as office helper, mail room clerk, and photocopy machine operator. (Tr. 26.) The ALJ therefore concluded that plaintiff was not disabled from February 23, 2021, the alleged onset date, through the date of decision. (Tr. 26.)

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons for discounting her subjective symptom testimony. At the administrative hearing on May 3, 2022, plaintiff said that her back, leg, and hip pain stopped her from walking more than two blocks,

depending on the day and the weather. (Tr. 44-45.) She could sit for about 30 minutes. (Tr. 45.) Her back would start hurting if she tried to lift more than a gallon of milk. (Tr. 45.) She typically had pain at about 7/10. (Tr. 47.) Being active would increase her pain. (Tr. 47.) Plaintiff had been taking Lyrica for her nerve pain since December 2021. (Tr. 43.)

Determining the credibility of a claimant's testimony regarding subjective reports of pain or symptoms requires the ALJ to undertake a two-step process of analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). In the first stage, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage, if there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015); 20 C.F.R. § 404.1529. The specific, clear and convincing standard is "the most demanding required in Social Security cases" and is "not an easy requirement to meet." *Garrison*, 759 F.3d at 1015; *Trevizo*, 871 F.3d at 678-79. The "clear and convincing" standard requires an ALJ to "show [their] work" but, ultimately, the question is not whether the ALJ's rationale convinces the court, but whether the ALJ's rationale "is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and did not identify evidence of malingering. (Tr. 23.) But the ALJ concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 23*.)* The ALJ discounted certain limited aspects of plaintiff's

symptom allegations because they conflicted with objective medical evidence in the record, and other evidence of her improvement with conservative treatment. (Tr. 23-25.)

A.  *Inconsistency with Objective Medical Evidence*

Plaintiff argues that the ALJ's decision to discount her testimony about the significance of her lumbar spine impairments is not supported by substantial evidence, and fails to explain the inconsistency between plaintiff's allegations and the medical evidence with any specificity. (Pl. Br. at 6-12.)

To evaluate the intensity, persistence, and limiting effects of a claimant's symptoms, an ALJ considers 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions based on pain or other symptoms. SSR 16-3p, 2017 WL 5180304, at *9 (effective October 25, 2017); 20 C.F.R. § 404.1529(c). An ALJ may consider whether symptom testimony is consistent with objective medical evidence. *Id*. at *7-8. Even so, a lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence."). But when coupled with other permissible reasons, lack of corroborating objective medical evidence may discount claimant's testimony. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004)). Furthermore, "[w]hen

objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

Because the ALJ failed to identify objective medical evidence that directly conflicted with plaintiff's testimony about limitations stemming from her back pain, she did not offer a clear and convincing reason for discounting it. Conflict with objective medical evidence can be a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. § 416.929(c)(2). At the hearing, plaintiff testified that she could only walk a few blocks at a time, could only sit for about 30 minutes, and typically had significant back pain – about 7/10. (Tr. 44-47.) The ALJ only cited one conflict between the medical record and plaintiff's allegations of severe back pain. In her consideration of the persuasiveness of medical opinions in the record (not the discussion of what evidence undermined plaintiff's testimony), the ALJ noted that prior administrative medical findings were consistent with "imaging of the claimant's lumbar spine showing postoperative and mild degenerative changes of the lumbar spine." (Tr. 24 (citing Tr. 561).) These records show the results of March, 2020 back imaging, but make no comment on the pain or physical limitations plaintiff suffers as a result of her back issues. (*See* Tr. 560.) The bulk of plaintiff's testimony described the difficulties caused by her back pain, which does not conflict with the imaging the ALJ cites. (*Compare* Tr. 44-47 *with* Tr. 560.) The evidence on which the ALJ relies does not conflict with plaintiff's symptom testimony and is not a clear and convincing reason to discount plaintiff's allegations.

The ALJ also did not state her reasoning with sufficient specificity. When discounting symptom testimony, an ALJ's decision "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not

arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (citation and internal quotation marks omitted). In this context, that means an ALJ must "identify the testimony she found not credible," and "link that testimony to the particular parts of the record supporting her non-credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

When considering plaintiff's testimony, the ALJ failed to meaningfully connect the dots. The ALJ devotes only a paragraph to plaintiff's symptom testimony, and fails to provide any analysis (there or elsewhere) about how the medical records cited in the written opinion undermine plaintiff's specific testimony about difficulty walking, standing, lifting, or the extent of her pain. (*See* Tr. 24.) That does not live up to the Ninth Circuit's expectation that an ALJ identify which of a plaintiff's statements or what testimony is supposedly undermined by the record, and what parts of the record undermine it. *Brown-Hunter*, 806 F.3d at 494. It is unclear how the ALJ's cited medical records conflict with testimony such as plaintiff's inability to walk more than two blocks or sit for over thirty minutes. (Tr. 44-47.) That leaves this reviewing court to surmise which "testimony [the ALJ] found not credible" and what "particular parts of the record supporting h[is] non-credibility determination." *Brown-Hunter*, 806 F.3d at 494. Failure to provide such clear analysis is error, and the court therefore finds the ALJ failed to give a sufficiently clear and convincing reason for discounting plaintiff's symptom testimony. On remand, the ALJ must be more explicit about what testimony is being discounted and why.

\\\\\
\\\\\

B.     *Improvement with Treatment*[3]

The ALJ also relied on records showing plaintiff's symptoms improved with treatment when concluding that her symptom testimony overstated her limitations. An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that improvement is "an important indicator of the intensity and persistence of ... symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (noting "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability"). Symptom improvement, however, must be weighed within the context of an "overall diagnostic picture." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

The ALJ again failed to provide a clear and convincing reason to discount plaintiff's symptom testimony when she concluded that her allegations of back pain and associated limitations were overstated because these issues improved with treatment. Even though evidence that treatment improves a claimant's symptoms can be a clear and convincing reason for discounting a plaintiff's symptom testimony, *Wellington*, 878 F.3d at 876, an ALJ must view it

---

[3] Although not clearly stated in the written opinion, defendant suggests that the ALJ also discounted plaintiff's symptom testimony because she "was able to manage her back pain with opioid medication." Def. Br. at 3 (citing 20 C.F.R. § 416.929(c)(3)(iv)–(v) and *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling.")). This is not a case where plaintiff's treatment was "conservative," and if the ALJ indeed relied on that basis to discount plaintiff's testimony, her conclusion was not supported by substantial evidence. Courts in this district have consistently found that a claimant taking narcotic pain medication (like plaintiff) is not receiving "conservative treatment." *See, e.g., Yolanda G. v. Kijakazi*, 2022 WL 336841, at *5 (D. Or. Feb. 4, 2022); *see also Kager v. Astrue*, 256 F. App'x 919, 923 (9th Cir. 2007) (rejecting adverse finding regarding symptom claims premised on the absence of significant pain therapy where the claimant took prescription pain medications including narcotic analgesics).

8 – OPINION & ORDER

in context, "with an understanding of the patient's overall well-being and the nature of her symptoms," *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). The record is mixed on the extent to which medication improved plaintiff's back symptoms. As the ALJ noted, plaintiff treated her back pain "with medication management," and previously shared with medical professionals that "her back pain was improving" on opioid pain medication in 2021. (Tr. 23.) As the ALJ further acknowledges, however, plaintiff's opioid medication was discontinued in 2022. (Tr. 23 (citing Tr. 630).) Nor do the records the ALJ cited showing plaintiff reported back pain "improving" on opioids address whether plaintiff could walk, lift, or sit for more than 30 minutes. (Tr. 23 (citing Tr. 315).) Without more, the court cannot conclude that the ALJ supported the decision to discount plaintiff's symptom testimony about her back pain with substantial evidence. On remand, the ALJ should be more specific about what testimony the evidence of improvement on opioid pain undermines, why, and the time period that it applies to.

C.     *Remand for Further Proceedings*

Within the court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine whether a claimant is disabled under the Social Security Act. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this court. *Garrison*, 759 F.3d at 999. The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and need not credit statements as true merely because the ALJ made a legal error. *Id. at 408*.

The ALJ committed harmful error by failing to provide specific, clear, and convincing reasons to reject plaintiff's symptom testimony. After reviewing the record, however, conflicts and ambiguities remain between the improperly rejected testimony and the evidence of the severity and limiting effects of plaintiff's back pain. Plaintiff herself asks for remand for further consideration of the impact of her lumbar impairment on her ability to perform basic work activities, and whether "Plaintiff was disabled as of her 50th birthday, if not before then through application of the Medical-Vocational Guidelines." Pl. Br. at 11. In reviewing plaintiff's case upon remand, the ALJ should re-examine the evidence which was improperly discounted and reformulate the RFC if necessary, and seek further VE testimony at step five, if necessary. The court remands for further proceedings.

\\\\\

\\\\\

**CONCLUSION**

For the reasons given above, the Commissioner's decision is reversed and this case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: February 27, 2025.

                                        /s/ JEFF ARMISTEAD
                                        Jeff Armistead
                                        United States Magistrate Judge